UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE ABRAHAM,

        Petitioner,               Case No. 2:16-CV-10268

      v.                       HONORABLE GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

DAVID BERGH,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR
WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Andre Abraham, ("Petitioner"), confined at the Thumb Correctional Facility in

Lapeer, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, in which he challenges his conviction for first-degree felony murder, M.C.L.A.

750.316(b); assault with intent to commit murder, M.C.L.A. 750.83; felony-firearm,

M.C.L.A. 750.227b; and unlawfully driving away an automobile, M.C.L.A. 750.413. For

the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED

WITH PREJUDICE.

### I. Background

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Abraham,* No. 215819, 2000

WL 33420643 (Mich. Ct. App. May 12, 2000); *lv. den.* 463 Mich. 922; 619 N.W. 2d 544

(2000).

-1-

Petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice on petitioner's motion so that petitioner could return to the state courts to exhaust additional claims. *Abraham v. Renico,* 2:01-CV-73916 (E.D. Mich. July 31, 2002).

Petitioner filed a state petition for writ of habeas corpus, which was denied. *Abraham v. Bergh,* No. 14-047341-AH (Lapeer County Circuit Court, April 10, 2014). Petitioner then filed a complaint for writ of habeas corpus with the Michigan Court of Appeals, which was denied. *Abraham v. Thumb Correctional Facility Warden,* No. 322095 (Mich.Ct.App. Sep. 15, 2014).  The Michigan Supreme Court denied petitioner leave to appeal. *Abraham v. Thumb Corr. Facility Warden*, 497 Mich. 983; 861 N.W.2d 37 (2015).

Petitioner seeks a writ of habeas corpus on the following ground:

> The [state] district court judge allowed defendant to be bound over on [an] invalid information on the charges given by the prosecutor, that created a jurisdictional defect and a subject matter defect, violating his constitutional right [s,] resulting in a miscarriage of justice.

## II. Discussion

The Court summarily dismisses the petition because petitioner failed to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily

dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Petitioner claims that he was improperly bound over by the state district court judge to the circuit court on the first-degree felony murder charge, which petitioner claims deprived the circuit court of jurisdiction to try his case.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976); *See also Daniel v. McQuiggin,* 678 F.Supp. 2d 547, 553 (E.D. Mich. 2009).  The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for

-3-

purposes of federal habeas review." *Strunk v. Martin*, 27 Fed. Appx. 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Moreover, a prior judicial hearing is not a prerequisite to prosecution by information. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). There is no federal constitutional right to a preliminary examination. *United States v. Mulligan*, 520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965). Even if the trial court lacked jurisdiction to try petitioner on these charges because the bindover may have been defective, such a violation of petitioner's state statutory rights does not warrant federal habeas relief. *See Tegeler v. Renico,* 253 Fed. Appx. 521, 525-26 (6th Cir. 2007). Petitioner's claim that there was insufficient evidence presented at his preliminary examination to bind him over for trial thus raises only a matter of state law and procedure that cannot form a basis for federal habeas relief. *Id.*

Petitioner also appears to argue that the amended information filed by the prosecutor after the preliminary examination was defective because it charged armed robbery or larceny as the underlying felony for the felony murder charge rather than carjacking, which petitioner argues was the more appropriate charge.

-4-

A state criminal defendant has a due process right to be informed of the nature of the accusations against him or her. *Lucas v. O'Dea,* 179 F. 3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. *Cole v. Arkansas,* 333 U.S. 196, 201 (1948); *In Re Oliver,* 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul,* 843 F. 2d 918, 930 (6th Cir. 1988).

A complaint or indictment need not be perfect under state law so long as it adequately informs the petitioner of the crime in sufficient detail so as to enable him or her to prepare a defense. Therefore, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F. 2d 636, 639 (6th Cir. 1986); *See also Dell v. Straub,* 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002). An alleged defect in a state court information or indictment is therefore not constitutional error unless a habeas petitioner can establish that: (1) he did not receive adequate notice of the charges; and (2) he was therefore denied the opportunity to defend himself against the charges. See *Roe v. Baker,* 316 F.3d 557, 570 (6th Cir. 2002).

Petitioner is unable to show that he was surprised by the amendment of the information or that he was prejudiced in his ability to defend himself at trial. Petitioner

does not argue that the alleged defect in the amended information prevented him from being able to defend himself against the charges. Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F. 3d 722, 733 (6th Cir. 2006)(bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding); *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998)(conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief).

In any event, an accused's constitutional right to notice of the criminal charge or charges brought against him or her can be satisfied by other means, such as a preliminary examination. See *Stevenson v. Scutt*, 531 Fed. Appx. 576, 580 (6th Cir. 2013)(noting that victim's testimony from the preliminary examination provided petitioner with notice of the time frame of the assaults). The testimony from the preliminary examination clearly put petitioner on notice as to the nature of the charges.

Moreover, petitioner was convicted by a jury after a trial. The Ninth Circuit has observed that neither *Cole v. Arkansas, supra,* nor *In re Oliver, supra,* "foreclose the premise that constitutionally adequate notice may come from evidence presented at trial." See *Troches v. Terhune,* 74 Fed. Appx. 736, 737 (9th Cir. 2003). The evidence at trial was sufficient to afford petitioner adequate notice of the charges against him. *See Bruce v. Welsh*, 572 Fed. Appx. 325, 331 (6th Cir. 2014). Petitioner is not entitled to relief on his claims.

### III.  Conclusion

The Court summarily denies the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  February 11, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 11, 2016, by electronic and/or ordinary mail and also on Andre Abraham #273655, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446.

s/Barbara Radke
Deputy Clerk

-8-